This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40310**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CHASE A. HANEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael E. Martinez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Erica Schiff, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}**     Defendant appeals an order revoking his probation, asserting that the State failed to establish that he violated a condition of probation requiring him to "get permission from [his p]robation/[p]arole [o]fficer before. . . [l]eaving the county where [he was] being supervised and/or residing . . . ." [DS 5; 1 RP 170] This Court's notice of proposed summary disposition proposed to reverse the revocation order based upon the district court having apparently placed upon Defendant the burden of proving that he had obtained permission to leave Bernalillo County before doing so. [CN 5] In response, the

State has filed a memorandum in opposition to summary reversal arguing that Defendant's docketing statement failed to describe evidence supporting revocation and suggesting that this Court should defer to the district court's findings regarding credibility. [MIO 5, 7] Having duly considered that memorandum, we remain unpersuaded and reverse.

**{2}** As our notice of proposed disposition pointed out, with regard to Defendant's alleged failure to obtain permission before leaving the county, the State's evidence consisted of testimony from a supervisor of Defendant's probation officer. [CN 2] In asserting that Defendant omitted relevant evidence from his docketing statement, the State describes testimony from that supervisor to the effect that Defendant did not have permission to leave the county. [MIO 5] Specifically, the State informs us that "(1) [the supervisor] testified he has access to all data imported from officers under his supervision, (2) the process for obtaining permission to travel out of a probationer's county of residence requires, among other things, that if approved, a form is generated reflecting that, and (3) though he clearly reviewed the case, he was not aware of Defendant having received permission to travel outside of Bernalillo County." [MIO 5 (transcript citations omitted)]

**{3}** We understand this testimony to be describing the process for obtaining what the docketing statement referred to as a written "travel permit." [DS 4-5] As that docketing statement made clear, there was no question that Defendant did not have any such permit. [Id.] The State's memorandum also acknowledges that this point was undisputed, pointing out that Defendant did not contest the supervisor's testimony "that he did not have a travel permit." [MIO 9] Instead, as made clear both in the docketing statement and in our proposed disposition, the contested issue relevant in this appeal is whether Defendant violated a condition of his probation that made no reference to written travel permits but did require him to "get permission" from his probation officer before leaving the county. [DS 5-6; CN 2-3; 1 RP 170]

**{4}** That question—whether Defendant had permission from his probation officer— was placed in controversy by Defendant's testimony that his probation officer gave him oral permission to leave the county. [DS 4] As our notice explained, because that was the central question before the district court, due process requires that it be the subject of testimony from a witness capable of cross-examination. [CN 4-5] *See State v. Guthrie*, 2011-NMSC-014, ¶ 34, 150 N.M. 84, 257 P.3d 904 (discussing the need for live testimony to resolve contested assertions "central to the reasons for revocation"). We are not persuaded that the State's evidence regarding procedures for obtaining written travel permits satisfies that requirement.

**{5}** The State's memorandum also suggests that, because the district court is in a better position to consider the credibility of witnesses, this Court should defer to that court's finding that Defendant's testimony lacked credibility. [MIO 7-8] It is true that "when there is a conflict in the testimony, we defer to the trier of fact." *Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33. The question in this case, however, does not involve conflicting testimony. The circumstances of this case arise

from the fact that the State offered no evidence regarding whether Defendant had oral permission from his probation officer before leaving Bernalillo County.

**{6}**     As pointed out in our notice, it was the State's burden to establish that Defendant violated the conditions of his probation, and not Defendant's burden to establish compliance. [CN 3] Given a proper allocation of that burden, no finding regarding Defendant's credibility remedies the State's failure to offer evidence to support a finding that Defendant failed to "get permission from [his p]robation/[p]arole [o]fficer before . . . [l]eaving the county where [he was] being supervised and/or residing . . . ." [1 RP 170]

**{7}**     Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we reverse the revocation of Defendant's probation and remand this case to the district court for appropriate proceedings.

**{8}     IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**